**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4489**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RICHARD HENRY KAYIAN, a/k/a Pops,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:16-cr-00041-JPJ-PMS-1)

Submitted:  February 28, 2019                          Decided:  March 6, 2019

Before THACKER and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Paul G. Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant.  Jean Barrett Hudson, Assistant United States Attorney, Charlottesville, Virginia, Zachary T. Lee, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In November 2016, a federal grand jury returned a two-count indictment charging Richard Henry Kayian and 21 other defendants with conspiracy to: (a) distribute and possess with intent to distribute oxycodone, buprenorphine, and a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841 (2012); and (b) knowingly and intentionally use any communication facility in committing and causing the facilitation of a felony controlled substance offense, in violation of 21 U.S.C. § 843(b) (2012), all in violation of 21 U.S.C. § 841(b)(1)(A), (C), (E) and 21 U.S.C. §§ 843(d), 846 (2012) (Count 1). The grand jury further charged that, as to Kayian and five other defendants, the first object of this conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. Count Two charged Kayian and eight codefendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2012). This conspiracy involved both promotional money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (2012), and concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (2012) (Count 2).

Kayian, along with four of his codefendants, pled not guilty. Following a seven-day trial at which the Government presented the testimony of multiple cooperating witnesses, codefendants, and law enforcement officials, the jury convicted Kayian of both charges. The district court subsequently sentenced Kayian to 324 months' imprisonment, a downward variance from his Sentencing Guidelines range of life in prison. This appeal timely followed.

2

Kayian's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), averring that there are no potentially meritorious grounds for appeal. Counsel nonetheless invites us to review the sufficiency of the Government's evidence, the computation of Kayian's advisory Sentencing Guidelines range, and the reasonableness of his downward variant sentence.

Upon review of the trial record, we conclude that the Government's evidence was more than sufficient to establish Kayian's participation in a conspiracy to distribute 500 grams or more of methamphetamine. We further conclude that the trial testimony was sufficient to support Kayian's conviction for conspiracy to commit money laundering. Finally, applying an abuse of discretion standard, we readily conclude that Kayian's 324-month, below Guideline sentence is procedurally and substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal.[*] We therefore affirm Kayian's convictions and sentence. This court requires that counsel inform Kayian, in writing, of the right to petition the Supreme Court of the United States for further review. If Kayian requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kayian. We deny Kayian's motion

---

[*] We have considered the other arguments raised in Kayian's pro se supplemental brief and reject them as meritless.

to strike counsel's response to Kayian's pro se supplemental brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4